UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANK RIVERA MARRERO,

        Petitioner,

v.                                    Case No.  2:26-cv-1024-JES-DNF

MARKWAYNE MULLIN, et al.,

        Respondents.

_____/

## OPINION AND ORDER

Petitioner Frank Rivera Marrero, an immigration detainee, initiated this action by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1).  He alleged that his continued detention after a final order of removal was unlawful.  (Id.)  The Court ordered the government to respond.  (Doc. 12).  In response, Counsel for the government asserted that Marrero's current detention was presumptively reasonable because his latest detention had not yet exceeded 180 days.  (Doc. 9 at 1–2).[1]

On June 1, 2026, the Court noted that Petitioner had, at that time, been held for 179 days and explained that "if, after 180 days, the noncitizen provides 'good reason to believe that there

_____

[1] In Zadvydas v. Davis, 533 U.S. 678, 700–01 (2001), the Supreme Court held that "if removal is not reasonably foreseeable [after 180 days' of detention], the court should hold continued detention unreasonable and no longer authorized by statute." If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699.

is no significant likelihood of removal in the reasonably foreseeable future,' the government must provide sufficient evidence to show otherwise." (Doc. 13 at 2 (citing Zadvydas, 533 U.A. at 701)).  The Court directed Respondents to explain whether Petitioner's removal was likely in the reasonably foreseeable future and to describe all efforts made to secure his removal. (Id.)

Respondents filed a supplemental response noting:

> In response to our request for specific evidence that there is a significant likelihood the Petitioner will be removed in the reasonably foreseeable future, the U.S. Attorney's Office was advised that Petitioner did not cooperate with third country removal, and was further informed that there are no current plans to attempt removal again. Aware of this District's rulings in many previous cases presenting similar circumstances [collecting cases], undersigned is unopposed to Petitioner's release.

(Doc. 14 at 1).  In short, the government conceded that Rivera Marrero's removal was unlikely in the reasonably foreseeable future.

Thus, Petitioner is entitled to release under an order of supervision, the appropriate terms to be determined by United States Immigration and Customs Enforcement.  If Petitioner fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention.  See 8 U.S.C. § 1253(b).

Accordingly, it is **ORDERED**:

2

1.    Frank Rivera Marrero's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2.    Respondents shall release Rivera Marrero under an appropriate order of supervision within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE